999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MARTIN, Plaintiff-Appellant,
v.
John WIGGINTON, Former Secretary of the Corrections Cabinet;
Dewey Sowders, Warden, Northpoint Training Center; Dr. George Noe,
Northpoint Training Center Contract Physician, Defendants-Appellees.
 No. 92-6262.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Charles Martin, a pro se Kentucky prisoner, appeals from an order of the district court dismissing as frivolous, pursuant to 28 U.S.C. § 1915(d), his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Martin's complaint alleged, in essence, deliberate indifference to his serious medical needs in violation of the Eighth Amendment and a violation of the Fourth Amendment. While incarcerated at the Northpoint Training Center, Martin alleged that he sought treatment from Dr. Noe for pain he was experiencing in his stomach area, the same area in which Martin had previously suffered a gunshot wound which required surgery. Martin alleged that he made a number of visits to Dr. Noe, that Dr. Noe believed that the pain was caused by the mending of nerves, and that Dr. Noe called Martin a hypochondriac. Subsequently, Martin was released from incarceration, sought medical attention, and underwent surgery to repair an "incisional hernia." After Martin's reincarceration, he filed the present cause of action.
 
 
 4
 The magistrate judge issued a report which recommended that Martin's complaint be dismissed as frivolous, concluding that his complaint was barred by the doctrine of res judicata and the statute of limitations, and that Martin had pleaded no facts which would support his claim of a Fourth Amendment violation. Over Martin's objections, the district judge adopted the report and recommendation and dismissed Martin's complaint with prejudice.
 
 
 5
 A complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) where the plaintiff fails to present a claim with an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. A dismissal of a complaint pursuant to § 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Upon review, we are satisfied that the district court did not abuse its discretion.
 
 
 6
 In § 1983 actions, the appropriate statute of limitations is the state statute of limitations for personal injury actions. 42 U.S.C. § 1988; Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). In Kentucky, personal injury actions must be commenced within one year after the date of accrual, Ky.Rev.Stat.Ann. § 413.140(1)(a) (Michie 1992), and this one year statute of limitations applies to § 1983 actions. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990).
 
 
 7
 It is clear from the face of Martin's complaint that his cause of action accrued no later than the date of his surgical operation in late 1986. Cf. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991). Although prior to July 13, 1990, the limitations period was tolled for a plaintiff confined in the state penitentiary, Ky.Rev.Stat. § 413.310, that tolling statute was repealed effective that date. Therefore, Martin's complaint, having been tendered on April 16, 1992, was well outside the one year limitations period.
 
 
 8
 Accordingly, the order of the district court dismissing Martin's complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation